Robert D. Prine (312432)
robert.prine@dinsmore.com
DINSMORE & SHOHL LLP
655 W. Broadway, Suite 800
San Diego, CA 92101
Ph: (619) 400-0500
Fx: (619) 400-0501

Attorney for Defendant
UNITED PARCEL SERVICE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRIAN SMITH, an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC., an Ohio corporation; and DOES 1-50, Inclusive,<br><br>　　　　Defendant. | Case No.:<br><br>**NOTICE OF REMOVAL**<br><br>**[IMAGED FILE]**<br><br>Dept.: TBD<br>Judge: TBD<br>Complaint Filed:　November 21, 2022<br>Trial Date:　　　Not Yet Set |

　　　　United Parcel Service, Inc., (hereinafter "UPS"), by counsel and pursuant to 28 U.S.C. sections 1331, 1332, 1441, and 1446, hereby give notice of the removal of the above-styled action to this Court. In support of its Notice of Removal, UPS states as follows:

/ / /

## THE STATE COURT ACTION

1. On November 21, 2022, Plaintiff Michael Brian Smith ("Plaintiff") filed a complaint against UPS in the Superior Court of Los Angeles, California in the matter entitled *Michael Brian Smith v. United Parcel Service, Inc. and DOES 1-50,* Case No. 22STCV36590 (the "State Court Action"). In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint, summons, and all process and pleadings, which were deemed served upon UPS in the State Court Action on January 17, 2023, are attached hereto as **Exhibits A - D**.

2. While UPS contends that the allegations in Plaintiff's Complaint lack merit, Plaintiff alleges the following causes of action against UPS: (1) intentional infliction of emotional distress, and (2) reckless negligence.[1] In his Complaint, Plaintiff also claims that he texted his union representative, informing the representative of his termination and later submitted to UPS's grievance procedure. *See* Ex. A, Complaint, at ¶ 55, 58-60.

3. UPS disputes Plaintiff's allegations and believes each of Plaintiff's causes of action lack merit.

4. No further proceedings have occurred in the State Court Action.

5. To the best of UPS' knowledge, although fictitious "Doe" Defendants are listed on the Complaint, no other defendants have been properly named or served with the Complaint. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

6. UPS was served with, and actually received copies of the State Court Action on January 17, 2023, within thirty (30) days of this Notice of Removal.

/ / /

/ / /

---

[1] Plaintiff also includes two causes of action for (1) personal injury – "physical personal injury" and (2) personal injury – "Non [sic] Economical Damages, Mental Anguish, Emotional Distress, Depression, Anxiety, Loss [sic] Quality Of Life" and "Loss Enjoyment of Life." *See generally* Ex. A, Complaint. These are not cognizable causes of action.

**REMOVAL PROCEDURES AND VENUE**

7. UPS has not filed an answer or otherwise responded to the Complaint. This Notice of Removal is filed within thirty (30) days of UPS's notice of the lawsuit and is timely filed under 28 U.S.C. § 1446(b). Furthermore, this Notice of Removal is filed less than one (1) year from the commencement of this action pursuant to 28 U.S.C. § 1446(c)(1).

8. In accordance with 28 U.S.C. § 1446(d), UPS will promptly provide written notice of the filing of this Notice to Plaintiff.

9. Pursuant to 28 U.S.C § 1446(d), UPS will also file a duplicate copy of this Notice with the Clerk of the Superior Court for Los Angeles, California.

10. In accordance with 28 U.S.C. § 1446(b), venue is properly placed in the United States District Court for the Central District of California because it is the district court for the district and division where the State Court Action is pending (Superior Court for the State of California, County of Los Angeles).

11. Further, this action is not a worker's compensation action made non-removable by 28 U.S.C. § 1445(c).

**FEDERAL QUESTION JURISDICTION**

12. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a), as this is a civil action arising under the Constitution, laws, or treaties of the United States.

13. Section 301 of the Labor Management Relations Act ("LMRA") provides federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a).

14. "Although normally federal preemption is a defense that does not authorize removal to federal court, § 301 has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019) (*quoting Metro Life Ins. V. Taylor*, 481 U.S. 58,

65 (1987)). Thus, Section 301 preempts all state-law causes of action where the evaluation would require interpretation of a labor contract's terms. *Miller v. AT&T Network Sys.*, 850 F.2d 543, 544 (9th Cir. 1988).

15. Suits alleging California torts are governed by federal labor law if their determination is "inextricably intertwined with consideration of the terms of [a] labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210-211 (1985); *see also Kirton v. Summit Med. Ctr.*, 982 F.Supp. 1381, 1385 (N.D. Cal. 1997). Where conduct alleged to give rise to intentional infliction of emotional distress claims concerns aspects of the employment relationship covered by the collective bargaining agreement, such claims are preempted by Section 301. *See Reagans v. Allied Barton Sec. Servs.*, 2012 U.S. Dist. LEXIS 100541, at * 13 (N.D. Cal. July 19, 2012). Further, state law negligence claims are also preempted if the duty relied on is created by a collective bargaining agreement. *See Ward v. Circus Circus Casinos, Inc.*, 473 F. 3d 994, 999 (9th Cir. 2007).

16. Plaintiff alleges he was terminated from his employment due to his taking of medical leave. Plaintiff's only cognizable causes of action are for (1) intentional infliction of emotional distress; and (2) reckless negligence. *See generally* Ex. A, Complaint.

17. Plaintiff is a member of the International Brotherhood of Teamsters ("IBT") and the terms and conditions of his employment, including requests for medical leave, discipline, and *terminations*, are governed by collective bargaining agreements.

18. As admitted in his Complaint, and enumerated in his exhibits, Plaintiff corresponded with a union representative in the hopes that he could file a grievance against UPS relating to his termination decision. Plaintiff alleges he attended a "reinstatement hearing" and his grievance was denied. Ex. A, Complaint, at ₱ 55, 58-60.

19.    Section 301 completely preempts Plaintiff's claims, rendering them removable based on federal question jurisdiction, because resolution requires interpretation of the UPS National Master Agreement ("NMA") and IBT United Parcel Service Southwest Package Rider Addendum ("SPRA") (collectively, the "CBA"). The NMA and SPRA are attached to Exhibit E, the Declaration of Shannon Baisden ("Baiden Decl.") as **Exhibits 1 and 2**.

20.    The CBA governs, among other things, the terms and conditions of Plaintiff's employment, including termination and reinstatement and the basis upon which reinstatement can be awarded; it outlines UPS' local and national grievance and arbitration procedures. *See* Baisden Decl., Ex. 1 (NMA Articles 7, 8, and 14); Baisden Decl., Ex. 2 (SPRA Articles 2, 13, and 14).

21.    Article 14 of the NMA enumerates rules relating to injury compensation and rights. The NMA provides that "Employer shall not pressure an employee to continue to work, nor shall the Employer interfere with an employee seeking medical attention." NMA Article 14. The NMA also enumerates procedures for reporting injuries, navigating workers' compensation issues, and UPS' obligations regarding an employee's medical duty status. *See generally*, Baisden Decl., Ex. 1 (NMA Article 14). Article 14 also provides strict guidelines and requirements for handling employee injuries.

22.    Article 7 of the Agreement provides that "an employee to be discharged or suspended shall be allowed to remain on the job . . . unless and until the discharge or suspension is sustained under the grievance procedure. Notwithstanding the foregoing, any superior provisions in Supplements, Riders or Addenda shall prevail." Further, Article 8, Section 3 of the Agreement states that "[t]he National Grievance Committee . . . shall have the authority to reverse and set aside the majority decision of any area, regional, local grievance committee, if, in its opinion, such decision is contrary to the language of the National Master Agreement." Baisden Decl., Ex. 1 (NMA Articles 7 & 8).

23.     Furthermore, Section 2 of the SPRA discusses the terms and conditions of employee discipline. Section 2 provides a framework for terminations based on employees who fail to return to work and discusses exceptions to discipline based on these issues.  Additionally, Section 13 of the SPRA discusses FMLA leave entitlements and Section 14 discusses disability and sick leave.  *See* Baisden Decl., Ex. 2.

24.     Accordingly, Plaintiff's claims, which are predicated on the discharge of his employment following his purported medical issues, are necessarily controlled by the CBA.  Specifically, Plaintiff's intentional infliction of emotional distress claim is based solely on his termination from UPS.  As such, Plaintiff's intentional infliction of emotional distress claim is governed by the CBA. Further, Plaintiff's reckless negligence claim is also controlled by the CBA.  Although the Complaint makes no mention of any specific "duty" UPS breached, any such duty relied upon is created by the CBA because his negligence claim also stems from his purported wrongful termination based on his medical leave.

## COMPLETE DIVERSITY OF CITIZENSHIP JURISDICTION

25.     This Court also has original jurisdiction pursuant to 28 U.S.C. § 1332, diversity jurisdiction, as this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

26.     Plaintiff is believed to be an individual domiciled in the state of California. Therefore, based on Plaintiff's Complaint, UPS in good faith believes that Plaintiff was and is a citizen of the State of California when this action was filed in state court, at the time of removal, and at all other times throughout the pendency of this case, and is therefore a citizen of California within the meaning of 28 U.S.C. § 1332.

27.     For the purposes of diversity jurisdiction, a corporation is considered a citizen of both the state in which it is incorporated and the state in which its principal place of business is located. UPS is a corporation incorporated in the state of Ohio with its principal place of business located in Atlanta, Georgia. Accordingly, UPS is a citizen of the state of Ohio and the state of Georgia.

6
NOTICE OF REMOVAL

28.     In determining whether a civil action is removable on the basis of jurisdiction arising under 28 U.S.C. § 1332, the citizenship of defendants sued under fictitious names, such as John Doe, is disregarded. See U.S.C. § 1332(b)(1).

29.     Based on the foregoing paragraphs, the requirement of complete diversity of citizenship is satisfied in this case.

30.     While the exact amount in controversy is unstated in the Complaint, a cause of action may be removed where the defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2); *Matheson v. Progressive specialty ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003).

31.     Here, Plaintiff seeks, among other damages, recovery for "compensatory and punitive damages."  Ex. A, Complaint, at ₱ 75.

32.     Plaintiff has been out of work for over thirty (30) months as of the time this Notice of Removal was filed.  At the time of his termination, Plaintiff, a part time Primary Sorter, earned $15.00 an hour, and approximately $1,646.00 a month. Assuming Plaintiff has been unable to find replacement work, Plaintiff's back pay could be as high as $49,400.00 in lost wages alone ($1,646 x 30 months).

33.     While Plaintiff has also not stated the amount of non-economic damages in his Complaint, Courts in the Central District have regularly found it appropriate to apply a 1:1 ratio of emotional distress damages relative to economic damages for purposes of calculating the amount in controversy requirement.  *See Cotoc v. Dolex Dollar Express, Inc.*, 2021 U.S. Dist. LEXIS 161240, at * 15-16 (C.D. Cal. August 25, 2021) (applying a 1:1 ratio for non-economic damages for calculating amount in controversy in an employment action); *Cuevas v. Lowes Home Ctrs., LLC*, 2020 U.S. Dist. LEXIS 206629, at *14 (C.D. Cal. Aug. 5, 2020) (same); *Garfias v. Team Indus. Servs., Inc.*, 2017 U.S. Dist LEXIS 167370, at *12 (C.D. Cal. Oct. 10, 2017) (same).

34.     As such, a calculation of lost wages and earnings coupled with Plaintiff's purported emotional distress is likely to exceed $75,000.  Therefore, based upon a fair

reading of Plaintiff's Complaint, Plaintiff's economic and non-economic damages, more likely than not, exceed $75,000.00, if proven at trial.

35.    While UPS disputes punitive damages are warranted in this case, Plaintiff also claims "exemplary and punitive damages" against UPS. Ex. A, Complaint, at ¶¶ 21-27. While there is no maximum sum, punitive damages typically range from one to four times the amount of actual damages. *See Perez v. CarMax Auto Superstores Cal., LLC*, 2014 U.S. Dist. LEXIS 11130, at * 4-5 (S.D. Cal. Jan. 28, 2014) [citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003)]. The Central District typically estimates a 1:1 ratio between punitive and compensatory damages in calculating the amount in controversy. *See*, *e.g.*, *Cuevas*, 2020 U.S. Dist. LEXIS 206629, at *15-16; *Garfias*, 2017 U.S. Dist. LEXIS 167370, at *12-13.

36.    Accordingly, based on the significant and varied alleged sources of damages above, UPS asserts in good faith that the total amount "at stake" for Plaintiff's claims alone exceeds $75,000.

37.    Consequently, this Court has original diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and this matter may be removed by UPS pursuant to 28 U.S.C. § 1441(a).

## **RESERVATION OF RIGHTS**

38.    UPS denies the allegations contained in Plaintiff's Complaint.  UPS files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court.

39.    Further, in making the assertions in this Notice of Removal, UPS does not concede in any way that Plaintiff has alleged causes of action upon which relief can be granted, that the allegations or inferences drawn therefrom are accurate, or that Plaintiff is entitled to recover any amounts sought.

40.    UPS further reserves the right to amend or supplement this Notice of Removal as appropriate.

/ / /

WHEREFORE, UPS respectfully requests that this action be removed to the United States District Court for the Central District of California, and the Superior Court of Los Angeles County, California proceed no further with respect to this action.

Respectfully submitted,

Dated:  February 15, 2023                    DINSMORE & SHOHL LLP

By: _____
    Robert D. Prine
    Attorney for Defendant,
    UNITED PARCEL SERVICE, INC.

NOTICE OF REMOVAL

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on February 15, 2023, a true copy of this document was served by electronic mail upon all registered CM/ECF users, and by United States Postal Service upon all non-registered CM/ECF users in this case as indicated below:

Michael Brian Smith                                    ***Plaintiff, In Pro Per***
1314 W. School Street
Compton, CA 90220
213-924-9078
Binky310@gmail.com

I declared under penalty of perjury under the laws of the United States of America that the above is true and correct.

Robert D. Prine

NOTICE OF REMOVAL